IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer, | ) |
| Plaintiff, | ) ) ) ) |
| Woodland Park Chicago LLC and Chicago Stories LLC, | ) Case No: 1:23-cv-14017 ) ) |
| Defendants. | ) ) ) ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys at ZLATKIN CANN ENTERTAINMENT, for his complaint ("Complaint") against Defendants Woodland Park Chicago LLC and Chicago Stories LLC (collectively, "Defendants"), alleges:

**NATURE OF THE ACTION**

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office.

**THE PARTIES**

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3. Defendant WOODLAND PARK CHICAGO LLC ("WPC") is a Delaware limited liability company with a principal office to do business in Chicago, Illinois.

4. Defendant CHICAGO STORIES LLC ("CS") is a Delaware limited liability company with a principal office to do business in Chicago, Illinois.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, each of the Defendants is domiciled in this District and, upon information and belief, all of the Defendants' actions giving rise to Plaintiff's claims occurred within this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

8. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

9. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois.

10. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions LLC," which is a North Carolina limited liability company in good standing.

11. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

12. Upon information and belief, WPC owns residential real estate units in Chicago, Illinois, leases at least some of the units it owns, and provides property management services in relation to units it owns.

13. Upon information and belief, CS has been at all relevant times the sole manager of WPC.

### Oppenheimer Creates, Registers, and Publishes the Photograph

14. In early July 2015, Oppenheimer visited Chicago. During this visit, Oppenheimer created an aerial photograph of 31st Street Harbor ("Photograph") through significant skill and personal expense. Specifically, Plaintiff chartered a doors-removed helicopter and then captured the Photograph by physically operating professional camera equipment while leaning out of the doors-removed helicopter. This required skill and experience to best capture the aerial view.

15. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "31st_Street_Harbor_Landside_and_Marina_Chicago_aerialdsc_0572.jpg" – is registered with the United States Copyright Office as part of the collection *Chicago Travel and Aerial Photographs Including The Grateful Dead at Soldier Field* under Copyright Registration Number VAu 1-229-868, bearing a July 26, 2015, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit A. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

16. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions LLC website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and

practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. Copyright management information ("CMI") in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Flickr, in addition to all of the CMI set forth above, the Photograph was published alongside the notice "© 2015 David Oppenheimer" and "All Rights Reserved" and clicking the "Show EXIF" button makes all of Oppenheimer's metadata visible, containing all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

17. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

18. Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

19. Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

### **Defendants Use the Photograph Without Authorization**

20. Upon information and belief, in 2020, one or more of the Defendants (or such Defendants' authorized representatives) obtained the published version of the Photograph and reproduced, distributed, and/or displayed a copy of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- https://www.facebook.com/groups/520074018145527/permalink/1624942694325315
- https://www.facebook.com/Woodlandparkrentals/photos/pcb.698544344051697/698543614051770/
- https://www.facebook.com/Woodlandparkrentals/posts/pfbid021uYkvZeWDv8xoKfMSB3x7PpKe2VVgP5GzTB1TzQiNghrLbN5YaZK5hQuXZaLU2uQl
- https://www.facebook.com/photo/?fbid=698543614051770&set=pcb.698544344051697
- https://www.showmetherent.com/3423-S-Cottage-Grove-Ave-Chicago-IL-60616
- https://s3.amazonaws.com/photos.rentlinx.com/L600/95302639.jpg
- https://s3.amazonaws.com/photos.rentlinx.com/W150/95302639.jpg

21. Upon information and belief, WPC, CS, or a third party at the direction of WPC and/or CS (such third party, if any, "Third Party Marketing Agent") proceeded to publish the Photograph at the Infringing URLs to promote and advertise the leasing of multiple residential real estate units located in the Chicagoland area owned by WPC. True and correct copies of the webpages that were displayed at the Infringing URLs are attached hereto as Exhibit D.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. § 501**
**(Against All Defendants)**

22. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–21 of this Complaint.

23. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

24. Upon information and belief, one or more of the Defendants caused the publication, copy, and display of the Photograph at each of the Infringing URLs.

25. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

26. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

27. Defendants infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

28. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

29. Plaintiff is informed, believes, and thereon alleges that the Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

30. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

31. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

### SECOND CLAIM FOR RELIEF
### Vicarious Copyright Infringement
### (In the Alternative Against CS)

32. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

33. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time WPC performed the infringing acts, CS was the sole manager of WPC.

34. Upon information and belief, CS controlled nearly all decisions relating to WPC and was the dominant influence of WPC. CS provided hands-on decision making with respect to the activities of WPC, making most of the decisions relating to WPC. CS had the right and ability to supervise and/or control the infringing conduct of WPC, and/or to stop the infringements once they began. Upon information and belief, CS had an obvious and direct financial interest in these infringing activities of WPC, because WPC's use of the Photograph (and/or any Third-Party Marketing Agent's use of the Photograph, with the authorization of WPC) on the Infringing URLs advertised and promoted the properties and/or property management services of WPC, encouraging website viewers to rent the properties owned by WPC and/or retain WPC's property management services. Infringement of the Photograph allowed Defendants to promote and lease more effectively WPC's and/or WPC's affiliates' properties and/or property management services by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on rentals and/or the brand, public image, and reputation of WPC. Accordingly, CS is personally liable to Oppenheimer as a joint and/or contributory infringer or is otherwise vicariously liable for the actions of WPC.

## THIRD CLAIM FOR RELIEF
### Contributory Copyright Infringement
### (In the Alternative Against CS)

35. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

36. Alternatively, CS has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

37. Upon information and belief, CS at all relevant times were the dominant influence in WPC. CS provided hands-on decision-making with respect to the activities of WPC, set and controlled the policies and protocols of WPC, and established corporate rules and cultures which encouraged the infringing activities. CS therefore had the right and ability to supervise and/or control the infringing conduct of WPC – and of WPC's employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, CS had an obvious and direct financial interest in the infringing activities of the company CS operated.

38. Accordingly, CS is personally liable to Oppenheimer as a contributory infringer for the infringing activities of WPC.

## FOURTH CLAIM FOR RELIEF
### Vicarious Copyright Infringement
### (In the Alternative Against WPC)

39. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

40. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time any Third-Party Marketing Agent involved in the execution of promotional activities of

the "Woodland Park by the Lake" development performed the infringing acts of publishing at the Infringing URLs, such Third-Party Marketing Agent was an agent of WPC. Specifically, upon information and belief, WPC engaged a Third-Party Marketing Agent to provide digital marketing services for the benefit of WPC.

41. Upon information and belief, as the client for whose benefit digital services were being provided by a Third-Party Marketing Agent, at all relevant times, WPC had the authority to control all of the Infringing URLs. As a result, at all relevant times, WPC had the right and ability to supervise and/or control the infringing conduct with respect to the Infringing URLs, and/or to stop the infringements once they began.

42. Upon information and belief, WPC had an obvious and direct financial interest in these infringing activities of a Third-Party Marketing Agent, because Third-Party Marketing Agent's use of the Photograph on the Infringing URLs advertised and promoted the services of WPC, thereby encouraging website viewers to rent WPC's properties. Infringement of the Photograph allowed WPC to promote and sell WPC's and/or WPC's affiliates' services more effectively by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of WPC.

43. Accordingly, WPC is personally liable to Oppenheimer as a joint infringer or is otherwise vicariously liable for the actions of any Third-Party Marketing Agent.

### FIFTH CLAIM FOR RELIEF
### Contributory Copyright Infringement
### (In the Alternative Against WPC)

44. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

45. Alternatively, WPC has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

46. Upon information and belief, having obtained a copy of the Photograph without authorization from the author of such Photograph, WPC had sufficient knowledge that provision of the Photograph to any Third-Party Marketing Agent for publication on a website promoting WPC's properties and/or property management services would infringe upon the rights of the author of the Photograph.

47. Accordingly, WPC is personally liable to Oppenheimer as a contributory infringer for the infringing activities of any Third-Party Marketing Agent.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows.

1. Pursuant to 17 U.S.C. § 502, that Defendants and Defendants' agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendants, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without limitation, reproducing, distributing, displaying, performing, or making derivative works of the Photograph;

2. That Defendants be required to perform a complete and full accounting of all profits generated by Defendants from the Photograph;

3. Pursuant to 17 U.S.C. § 504, that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from the Defendants' acts of copyright

infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that Defendants be required to pay statutory damages up to $150,000 for each work infringed for Defendants' acts of copyright infringement and, in the event that the factfinder determines that Defendants' infringement was not willful, that Defendants be required to pay statutory damages up to $30,000 for each work infringed by the Defendants;

    4.   Such other and further relief as the Court shall find just and proper.

Dated: September 22, 2023

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By:    /s/ Ilya G. Zlatkin
Ilya G. Zlatkin (ARDC No. 6314344)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorney for Plaintiff David Gordon Oppenheimer*