IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer, | ) |
| Plaintiff, | ) Case No: 1:23-cv-14017 |
| v. | ) Dist. Judge Martha M. Pacold |
| Woodland Park Chicago LLC and Chicago Stories LLC, | ) Mag. Judge M. David Weisman |
| Defendants. | ) |

**INITIAL STATUS REPORT**

Pursuant to the Court's minute entry dated November 28, 2023 [Dkt. 5], Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), submits this Initial Status Report:

**1.** **Nature of the Case**

a. The attorney of record for Oppenheimer is Ilya G. Zlatkin of Zlatkin Cann Entertainment. While no attorney has yet filed any appearance on behalf of Defendants, Plaintiff has been communicating with George J. Spathis of Levenfeld Pearlstein LLC, who has indicated that he represents the Defendants, both before and after the initiation of this litigation. Plaintiff and Defendants will determine their respective lead trial attorney(s) at a later date.

b. This case involves use of a photograph of an aerial view of 31st Street Harbor in Chicago, Illinois ("Photograph") without authorization from Plaintiff. Plaintiff claims that Defendants Woodland Park Chicago LLC ("WPC") and Chicago Stories LLC ("CS" and, together with WPC, "Defendants") infringed upon Plaintiff's copyrights, including by causing

      the display of the Photograph for the purpose of promoting Defendants' real estate business through multiple URLs (collectively, "Infringing URLs"). In the alternative against Defendants, Plaintiff alleges that such defendants vicariously and/or contributorily infringed upon Plaintiff's copyrights.

  c.  Defendants are likely to deny that they are liable to Plaintiff on any of these grounds and that to the extent that they technically infringed on Plaintiff's copyright, the nature of the infringement would qualify as "innocent infringement."

  d.  Plaintiff seeks actual and statutory damages for the copyright infringement, including for willful infringement, under 17 U.S.C. § 504. Plaintiff also seeks an award of litigation costs and reasonable attorneys' fees under 17 U.S.C. § 505.

2. Jurisdiction

  a.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Status of Service

  a.  On November 2, 2023, Plaintiff's counsel mailed requests for waivers of service to Defendants' counsel in accordance with Fed. R. Civ. P. 4(d). After not receiving any indication within thirty days as to whether Defendants would waive service, Plaintiff followed up again with Defendants' counsel via email. Defendants' counsel requested more time

to connect with Defendants and to determine whether Defendants were willing to waive service.

 b. On December 18, 2023, Defendants' counsel indicated Plaintiff's attorney that Defendants would be willing to waive service as long as Plaintiff agreed that Defendants' deadline for responding to the complaint would be January 30, 2024. Plaintiff agreed.

 c. Plaintiff anticipates receiving executed service waivers in short order. After receiving the executed service waivers from Defendants, Plaintiff will file the executed service waivers.

4. Consent to Proceed Before a United States Magistrate Judge

 a. Plaintiff's counsel has advised Plaintiff that the parties may proceed before a Magistrate Judge if the parties consent unanimously to such proceedings.

 b. As of the date of this report, there is not unanimous consent to proceed before the Magistrate Judge.

5. Motions:

 a. Currently, there are no pending motions.

 b. If Defendants do not provide Plaintiff with executed waivers of service of process before December 20, 2023 (which is the date that is 90 days after the initiation of this litigation), Plaintiff will file a motion to extend the deadline to effect service of process.

6. Status of Settlement Discussions:

 a. The parties engaged in settlement discussions prior to the initiation of this litigation. The parties were not close to a settlement prior to litigation.

    b. No settlement discussions have occurred since the initiation of this litigation.

    c. While Plaintiff cannot speak for Defendants, Plaintiff does anticipate that the parties will request a settlement conference after Defendants' attorney(s) have filed an appearance in this case.

Dated: December 18, 2023

                                               Respectfully submitted,

                                               DAVID GORDON OPPENHEIMER

                                               By: /s/ Ilya G. Zlatkin
                                             ZLATKIN CANN ENTERTAINMENT
                                             4245 North Knox Avenue
                                             Chicago, Illinois 60641
                                             Tel: (312) 809-8022
                                             ilya@zce.law

                                             *Attorney for Plaintiff David Oppenheimer*