IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>                  Plaintiff,<br><br>v.<br><br>Woodland Park Chicago LLC and Chicago Stories LLC,<br><br>                  Defendants. | Case No: 1:23-cv-14017<br><br>Dist. Judge Martha M. Pacold<br><br>Mag. Judge M. David Weisman |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF SUMMONS AND COMPLAINT UPON DEFENDANT CHICAGO STORIES LLC**

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys, respectfully moves this Court under Rule 4(m) of the Federal Rules of Civil Procedure for an extension of time to serve Defendant Chicago Stories LLC. As detailed below, good cause exists for such relief.

1. On September 22, 2023, Plaintiff filed the instant lawsuit against Defendants Woodland Park Chicago LLC ("WPC") and Chicago Stories LLC ("CS" and, together with WPC, "Defendants"). CS is listed as the sole manager of WPC in the records of the Illinois Secretary of State, and, upon information and belief, CS was a manager of CS at all relevant times of WPC's existence. [Dkt. 1 at ¶ 13.]

2. On November 2, 2023, Plaintiff mailed requests for waiver of service to both Defendants under Rule 4(d) of the Federal Rules of Civil Procedure.

3. On December 18, 2023, counsel for Defendants indicated to Plaintiff's counsel that Defendants would be willing to waive service, as long as the deadline for an answer by Defendants would be January 30, 2024. Plaintiff agreed.

4. As of the date of this motion, Defendants' counsel has provided a waiver of service executed on behalf of WPC. [Dkt. 7]. No waiver of service has been provided yet with respect to CS. Defendants' counsel has indicated that he has contacted CS regarding the waiver of service.

5. Based on CS's management of WPC, as well as Plaintiff's counsel's prior notification of attorneys who represent CS, Plaintiff believes that CS is fully aware of this ongoing litigation against all Defendants, and that CS has received the request for waiver of service that was successfully delivered to Defendants' attorney.

6. Federal Rule of Civil Procedure 4(m) provides in relevant part:

> **(m) Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

7. The ninetieth day after the filing of the Complaint in this case is December 21, 2023.

8. Furthermore, within the Seventh Circuit, the three-year statute of limitations for copyright infringement claims set forth in Section 507(b) of the Copyright Act is interpreted using the discovery rule, with the claims deemed to have accrued when a plaintiff learned or with reasonable due diligence should have learned of the infringement. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (citing *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004)). It is likely that it would be determined that Plaintiff's statute of limitations with respect to Plaintiff's claims against Defendants ran between the date when this case was instituted and the date that this motion is being filed. Any dismissal of this case against CS, even without prejudice, would result in Plaintiff's inability to re-file this case against CS and would not comport with the interests of justice.

9. Plaintiff is seeking an additional 30 days in which to effect service on CS, or to obtain a waiver of service from CS.

Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Extension of Time to Effect Service of Summons and Complaint, which would extend the time to serve CS by 30 days to January 20, 2024. Good cause exists for such an extension based on (i) representations from Defendants' counsel regarding intent to execute service waivers, (ii) the execution of a service waiver by WPC, which is managed by CS, and (iii) the fact that a dismissal without prejudice of Plaintiff's case for failure to effect service on CS in a timely manner would likely result in Plaintiff's permanent loss of ability to pursue Plaintiff's claims against CS.

Dated: December 21, 2023

Respectfully submitted,

DAVID GORDON OPPENHEIMER

By: /s/ Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
ilya@zce.law

*Attorney for Plaintiff David Oppenheimer*