IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GORDON OPPENHEIMER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 1:23-cv-14017 |
| WOODLAND PARK CHICAGO LLC and CHICAGO STORIES LLC, | ) ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, WOODLAND PARK CHICAGO LLC and CHICAGO STORIES LLC (collectively, "Defendants"), by and through their counsel, for their Answer and Defenses to the complaint filed against them by Plaintiff, DAVID GORDON OPPENHEIMER, state as follows:

## ANSWER

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office.

**ANSWER:** Defendants admit that the complaint purports to state claims for copyright infringement.

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

**ANSWER:** On information and belief, Defendants admit the allegations of the paragraph.

3. Defendant WOODLAND PARK CHICAGO LLC ("WPC") is a Delaware limited liability company with a principal office to do business in Chicago, Illinois.

**ANSWER:** Defendants admit the allegations of the paragraph.

4. Defendant CHICAGO STORIES LLC ("CS") is a Delaware limited liability company with a principal office to do business in Chicago, Illinois.

**ANSWER:** On information and belief, Defendants admit the allegations of the paragraph.

LP 23429332.1 \ 46823-134676

5. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** The paragraph states a legal conclusion to which no response is required. Answering further, Defendants do not contest this Court's subject matter jurisdiction.

6. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, each of the Defendants is domiciled in this District and, upon information and belief, all of the Defendants' actions giving rise to Plaintiff's claims occurred within this District.

**ANSWER:** Defendants do not contest this Court's exercise of personal jurisdiction in this case.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**ANSWER:** The paragraph states a legal conclusion to which no response is required. Answering further, Defendants do not contest this Court's subject matter jurisdiction.

8. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's experience and/or reputation and thus demand proof thereof.

9. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

10. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions LLC," which is a North Carolina limited liability company in good standing.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

11. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

12. Upon information and belief, WPC owns residential real estate units in Chicago, Illinois, leases at least some of the units it owns, and provides property management services in relation to units it owns.

**ANSWER:** Defendants admit the allegations of the paragraph.

13. Upon information and belief, CS has been at all relevant times the sole manager of WPC.

**ANSWER:** Defendants admit the allegations of the paragraph.

14. In early July 2015, Oppenheimer visited Chicago. During this visit, Oppenheimer created an aerial photograph of 31st Street Harbor ("Photograph") through significant skill and personal expense. Specifically, Plaintiff chartered a doors-removed helicopter and then captured the Photograph by physically operating professional camera equipment while leaning out of the doors-removed helicopter. This required skill and experience to best capture the aerial view.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

15. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "31st_Street_Harbor_Landside_and_Marina_Chicago_aerialdsc_0572.jpg" – is registered with the United States Copyright Office as part of the collection *Chicago Travel and Aerial Photographs Including The Grateful Dead at Soldier Field* under Copyright Registration Number VAu 1-229-868, bearing a July 26, 2015, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit A. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

**ANSWER:** On information and belief, Defendants admit the allegations of the paragraph.

16. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions LLC website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. Copyright management information ("CMI") in the

3

metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Flickr, in addition to all of the CMI set forth above, the Photograph was published alongside the notice "© 2015 David Oppenheimer" and "All Rights Reserved" and clicking the "Show EXIF" button makes all of Oppenheimer's metadata visible, containing all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

**ANSWER:** Defendants admit that the Photograph is available for personal download (at no cost) and for purchase on the Performance Impression website. As for the remaining allegations of the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

17. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

18. Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

19. Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

20. Upon information and belief, in 2020, one or more of the Defendants (or such Defendants' authorized representatives) obtained the published version of the Photograph and reproduced, distributed, and/or displayed a copy of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- https://www.facebook.com/groups/520074018145527/permalink/1624942694325315
- https://www.facebook.com/Woodlandparkrentals/photos/pcb.698544344051697/698543614051770/
- https://www.facebook.com/Woodlandparkrentals/posts/pfbid021uYkvZeWDv8xoKfMSB3x7PpKe2VVgP5GzTB1TzQiNghrLbN5YaZK5hQuXZaLU2uQl
- https://www.facebook.com/photo/?fbid=698543614051770&set=pcb.698544344051697
- https://www.showmetherent.com/3423-S-Cottage-Grove-Ave-Chicago-IL-60616
- https://s3.amazonaws.com/photos.rentlinx.com/L600/95302639.jpg
- https://s3.amazonaws.com/photos.rentlinx.com/W150/95302639.jpg

**ANSWER:** Defendants deny the allegations of the paragraph but admit that the Photograph appeared on one or more of the referenced URLs.

21. Upon information and belief, WPC, CS, or a third party at the direction of WPC and/or CS (such third party, if any, "Third Party Marketing Agent") proceeded to publish the Photograph at the Infringing URLs to promote and advertise the leasing of multiple residential real estate units located in the Chicagoland area owned by WPC. True and correct copies of the webpages that were displayed at the Infringing URLs are attached hereto as Exhibit D.

**ANSWER:** Defendants deny the allegations of the paragraph but admit that the Photograph appeared on one or more of the referenced URLs.

### FIRST CLAIM FOR RELIEF
### Copyright Infringement Under 17 U.S.C. § 501
### (Against All Defendants)

22. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–21 of this Complaint.

**ANSWER:** Defendants repeat and reallege their responses to the referenced paragraphs.

23. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegation and thus demand proof thereof.

24. Upon information and belief, one or more of the Defendants caused the publication, copy, and display of the Photograph at each of the Infringing URLs.

**ANSWER:** Defendants deny the allegations of the paragraph but admit that the Photograph appeared on one or more of the referenced URLs.

25. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

**ANSWER:** Defendants deny the allegations of the paragraph but admit that the Photograph appeared on one or more of the referenced URLs without the permission, license, or consent of Plaintiff.

26. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

**ANSWER:** Defendants deny the allegations of the paragraph.

27. Defendants infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

**ANSWER:** The paragraph purports to state a legal conclusion to which no response is required.

28. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

**ANSWER:** Defendants deny the allegations of the paragraph.

29. Plaintiff is informed, believes, and thereon alleges that the Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

**ANSWER:** Defendants deny the allegations of the paragraph.

30. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

**ANSWER:** The paragraph purports to state a legal conclusion to which no response is required.

31. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

**ANSWER:** The paragraph purports to state a legal conclusion to which no response is required.

## SECOND CLAIM FOR RELIEF
### Vicarious Copyright Infringement
### (In the Alternative Against CS)

32. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

**ANSWER:** Defendants repeat and reallege their responses to the referenced paragraphs.

33. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time WPC performed the infringing acts, CS was the sole manager of WPC.

**ANSWER:** Defendants admit the allegations of the paragraph.

34. Upon information and belief, CS controlled nearly all decisions relating to WPC and was the dominant influence of WPC. CS provided hands-on decision making with respect to the activities of WPC, making most of the decisions relating to WPC. CS had the right and ability to supervise and/or control the infringing conduct of WPC, and/or to stop the infringements once they began. Upon information and belief, CS had an obvious and direct financial interest in these infringing activities of WPC, because WPC's use of the Photograph (and/or any Third-Party Marketing Agent's use of the Photograph, with the authorization of WPC) on the Infringing URLs advertised and promoted the properties and/or property management services of WPC, encouraging website viewers to rent the properties owned by WPC and/or retain WPC's property management services. Infringement of the Photograph allowed Defendants to promote and lease more effectively WPC's and/or WPC's affiliates' properties and/or property management services by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on rentals and/or the brand, public image, and reputation of WPC. Accordingly, CS is personally liable to Oppenheimer as a joint and/or contributory infringer or is otherwise vicariously liable for the actions of WPC.

**ANSWER:** Defendants deny the allegations of the paragraph but admit that CS was the sole manager of WPC.

## THIRD CLAIM FOR RELIEF
### Contributory Copyright Infringement
### (In the Alternative Against CS)

35. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

**ANSWER:** Defendants repeat and reallege their responses to the referenced paragraphs.

7

36. Alternatively, CS has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

**ANSWER:** Defendants deny the allegations of the paragraph.

37. Upon information and belief, CS at all relevant times were the dominant influence in WPC. CS provided hands-on decision-making with respect to the activities of WPC, set and controlled the policies and protocols of WPC, and established corporate rules and cultures which encouraged the infringing activities. CS therefore had the right and ability to supervise and/or control the infringing conduct of WPC – and of WPC's employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, CS had an obvious and direct financial interest in the infringing activities of the company CS operated.

**ANSWER:** Defendants deny the allegations of the paragraph but admit that CS was the sole

manager of WPC.

38. Accordingly, CS is personally liable to Oppenheimer as a contributory infringer for the infringing activities of WPC.

**ANSWER:** The paragraph purports to state a legal conclusion to which no response is required.

### FOURTH CLAIM FOR RELIEF
### Vicarious Copyright Infringement
### (In the Alternative Against WPC)

39. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

**ANSWER:** Defendants repeat and reallege their responses to the referenced paragraphs.

40. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time any Third-Party Marketing Agent involved in the execution of promotional activities of the "Woodland Park by the Lake" development performed the infringing acts of publishing at the Infringing URLs, such Third-Party Marketing Agent was an agent of WPC. Specifically, upon information and belief, WPC engaged a Third-Party Marketing Agent to provide digital marketing services for the benefit of WPC.

**ANSWER:** Defendants deny the allegations of the paragraph.

41. Upon information and belief, as the client for whose benefit digital services were being provided by a Third-Party Marketing Agent, at all relevant times, WPC had the authority to control all of the Infringing URLs. As a result, at all relevant times, WPC had the right and ability to supervise and/or control the infringing conduct with respect to the Infringing URLs, and/or to stop the infringements once they began.

**ANSWER:** Defendants deny the allegations of the paragraph.

42. Upon information and belief, WPC had an obvious and direct financial interest in these infringing activities of a Third-Party Marketing Agent, because Third-Party Marketing Agent's use of the Photograph on the Infringing URLs advertised and promoted the services of WPC, thereby encouraging website viewers to rent WPC's properties. Infringement of the Photograph allowed WPC to promote and sell WPC's and/or WPC's affiliates' services more effectively by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of WPC.

**ANSWER:** Defendants deny the allegations of the paragraph.

43. Accordingly, WPC is personally liable to Oppenheimer as a joint infringer or is otherwise vicariously liable for the actions of any Third-Party Marketing Agent.

**ANSWER:** The paragraph purports to state a legal conclusion to which no response is required.

## FIFTH CLAIM FOR RELIEF
### Contributory Copyright Infringement
### (In the Alternative Against WPC)

44. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

**ANSWER:** Defendants repeat and reallege their responses to the referenced paragraphs.

45. Alternatively, WPC has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

**ANSWER:** Defendants deny the allegations of the paragraph.

46. Upon information and belief, having obtained a copy of the Photograph without authorization from the author of such Photograph, WPC had sufficient knowledge that provision of the Photograph to any Third-Party Marketing Agent for publication on a website promoting WPC's properties and/or property management services would infringe upon the rights of the author of the Photograph.

**ANSWER:** Defendants deny the allegations of the paragraph.

47. Accordingly, WPC is personally liable to Oppenheimer as a contributory infringer for the infringing activities of any Third-Party Marketing Agent.

**ANSWER:** The paragraph purports to state a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Defendants, for their affirmative defenses to the claims asserted in the Complaint, and expressly reserving the right to add or amend allegations and defenses based upon the results of discovery, state as follows:

### First Affirmative Defense

On information and belief, Plaintiff lacks standing to assert the claims.

### Second Affirmative Defense

On information and belief, Plaintiff's copyrights claims are time barred.

### Third Affirmative Defense

Plaintiff has not adequately alleged that it suffered actual damages and has not alleged any facts from which actual damages can be inferred. Accordingly, Plaintiff has failed to state a claim under 17 U.S.C. §504(b).

### Fourth Affirmative Defense

On information and belief, Plaintiff failed to adhere to the applicable provisions of the Code of Federal Regulations (37 C.F.R. § 202.3(b)(10)) for Group Registration of Published Photographs by failing to identify the actual photographer(s) and publication date(s) for each of the photographs, purportedly included with the copyright application. These material failures invalidate the copyright registration certificate; thus Plaintiff cannot state a claim under 17 U.S.C. §504(c).

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged conduct was at all times undertaken in good faith, and without any willful intent.

**Sixth Affirmative Defense**

To the extent Plaintiff suffered any damages from the alleged infringing use of the Image by the Defendants, it failed to take steps to mitigate those damages.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by the doctrine of misuse of copyright.

**Eighth Affirmative Defense**

The doctrine of unclean hands (based upon conduct described above) bars some or all of the relief that Plaintiff is requesting.

WHEREFORE, Defendants respectfully request that this Honorable Court grant judgment in their favor and against Plaintiff, award Defendants their reasonable attorneys' fees, costs and expenses incurred in their defense of the captioned action and grant such additional relief that the Court deems proper.

Dated: February 26, 2024

Respectfully submitted,

**WOODLAND PARK CHICAGO LLC** and **CHICAGO STORIES LLC**, Defendants

/s/ *George J. Spathis*
One of their Attorneys

George J. Spathis (ARDC# 6204509)
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Tel.: (312) 476-7514
gspathis@lplegal.com

11

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 26, 2024, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF filing system which serves all parties of record.

**1:23-cv-14017   Notice has been electronically mailed to:**

Ilya G. Zlatkin        ilya@zce.law


    /s/ *George J. Spathis*